IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CLEAN AIR COUNCIL,** | **CIVIL ACTION NO. 1:06-CV-0885** |
| **Plaintiff** | **(Judge Conner)** |
| v. | |
| **SNIFFEX, INC. and PAUL JOHNSON,** | |
| **Defendants** | |

## ORDER

AND NOW, this 7th day of June, 2006, upon consideration of the motions (Docs. 3, 5) to dismiss and to strike, filed by Attorneys John M. Smith ("Attorney Smith") and Mark M. McMillon ("Attorney McMillon") as counsel for defendants, and of plaintiff's motions (Docs. 8, 10) to remand and for a continuance of the case management conference pending disposition of the motion to remand, and it appearing that Attorneys Smith and McMillon are not admitted to practice before this court,[1] see L.R. 83.8 ("In order to practice in this court, an attorney must be admitted to practice under these rules."), that the motions (Docs. 8, 10) to remand and for a continuance are not accompanied by form orders, see L.R. 7.1 ("Every motion shall be accompanied by a form of order which, if approved by the court, would grant the relief sought in the motion."), and that neither party has filed briefs in opposition to the pending motions to dismiss, strike, and remand, see L.R. 7.6

---

[1] Although special admission forms were sent to counsel on April 28, 2006, the forms have not been returned as of the date of this order.

("Any party opposing any motion shall file a responsive brief . . . within fifteen (15) days . . . . [or] shall be deemed not to oppose such motion."), and the court finding that a continuance of the case management conference pending disposition of the motion to remand is in the interests of justice, see Golden v. Golden, 382 F.3d 348, 354 (3d. Cir. 2004) (stating that federal courts have an "obligation to investigate their jurisdiction over matters before them"); see also 14C CHARLES A. WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3739 (3d ed. 1998) ("A federal court presented with a motion to remand is limited solely to the jurisdictional question of its authority to hear the case consistent with the restrictions of the removal statute."), it is hereby ORDERED that:

1. The motions (Docs. 3, 5), filed by Attorneys John M. Smith and Mark M. McMillon, are STRICKEN from the docket, without prejudice.  See L.R. 83.8.

2. On or before June 9, 2006, Attorneys John M. Smith and Mark M. McMillon shall file the appropriate applications and pay the applicable fees for admittance to practice before this court.

3. The motion (Doc. 10) for a continuance of the case management conference is GRANTED.  If needed, a revised case management order shall issue following disposition of the pending motion to remand (Doc. 8).

4. Defendants shall file, on or before June 12, 2006, a brief in opposition to the pending motion to remand (Doc. 8).  Failure to file a responsive brief will result in the motion being deemed unopposed.  See L.R. 7.6.

5. Counsel for the parties shall append form orders to any future motions, see L.R. 7.1, and shall otherwise comply with all local and federal rules of procedure.

  /s/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge