**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CLEAN AIR COUNCIL,** | : | **CIVIL ACTION NO. 1:06-CV-0885** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **SNIFFEX, INC. and PAUL JOHNSON,** | : | |
| | : | |
| **Defendants** | : | |

## <u>ORDER</u>

AND NOW, this 16th day of June, 2006, upon consideration of the order of

court dated June 7, 2006 (Doc. 11), directing Attorney Mark M. McMillon ("Attorney

McMillon"), counsel for defendants, to file the appropriate application and pay the

applicable fee for admittance to practice before this court, <u>see</u> L.R. 83.8 ("In order

to practice in this court, an attorney must be admitted to practice under these

rules."), and of defendants' motions (Docs. 14, 15) to dismiss and to strike, filed in

paper form by Attorney John M. Smith ("Attorney Smith"), <u>see</u> <u>In re Elec. Case</u>

<u>Filing Policies & Procedures</u>, Standing Order No. 05-6 (M.D. Pa. Dec. 2, 2005)

("Except as expressly provided . . . by order of court . . . a Filing User shall

electronically file all documents required to be filed with the court. . . . An attorney

who is not a Filing User must show to the chief judge good cause to file and serve

pleadings and other papers in the traditional manner."), and it appearing that, as of

the date of this order, Attorney McMillon has neither field an application nor paid

the fee for admittance to practice before this court, and that Attorney Smith has not

sought leave of court to file the motions to dismiss and to strike in paper form, and

the court finding that holding briefing on these motions in abeyance pending

disposition of plaintiff's motion to remand (Doc. 8) is in the interests of justice, <u>see</u>

<u>Golden v. Golden</u>, 382 F.3d 348, 354 (3d. Cir. 2004) (stating that federal courts have

an "obligation to investigate their jurisdiction over matters before them"); <u>see also</u>

14C CHARLES A. WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3739 (3d ed.

1998) ("A federal court presented with a motion to remand is limited solely to the

jurisdictional question of its authority to hear the case consistent with the

restrictions of the removal statute."), it is hereby ORDERED that:

1.  The Clerk of Court is directed to TERMINATE Attorney Mark McMillon as counsel for the defendants.  <u>See</u> L.R. 83.8.

2.  Briefing on defendants' motions (Docs. 14, 15) to dismiss and to strike is held in ABEYANCE pending disposition of the motion to remand.

3.  Any future documents filed with the Clerk of Court shall be submitted in electronic form, and shall otherwise fully comply with all local and federal rules of procedure.  <u>See</u> <u>In re Elec. Case Filing Policies & Procedures</u>, Standing Order No. 05-6 (M.D. Pa. Dec. 2, 2005).

<div style="margin-left:50%">

 S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

</div>