IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

```
CLEAN AIR COUNCIL and all         :
similarly situated individuals,
         Plaintiffs                :

         vs.                       :   CIVIL NO. 1:CV-06-0885

SNIFFEX, INC.,                     :
PAUL JOHNSON,
         Defendants                :
```

*M E M O R A N D U M*

I. *Introduction*.

Plaintiff, Clean Air Council (CAC), filed this suit in the Court of Common Pleas of Dauphin County, Pennsylvania, against defendants, Sniffex, Inc., and Paul Johnson. The complaint alleges that Johnson is the president and CEO of Sniffex and that defendants caused an unsolicited fax to be sent to CAC's fax machine.

CAC makes five claims, two under the Telephone Consumer Protection Act of 1991 (TCPA), 47 U.S.C. § 227, two under state law for conversion and trespass to chattels, and one against defendant Johnson to pierce the corporate veil. Plaintiff wants this case to proceed as a class action, so it seeks damages on behalf of itself and "as a representative of a class of similarly situated individuals nationwide."

Defendants removed the action to this court, asserting that we have federal-question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332(a).

We are considering Plaintiff's motion to remand. Plaintiff argues we have no federal-question jurisdiction because the TCPA places exclusive jurisdiction of private TCPA claims in state court. CAC also argues we have no section 1332(a) diversity jurisdiction because each plaintiff in a section 1332(a) diversity case must meet the $75,000 threshold in that section, and CAC does not seek damages for any plaintiff in excess of $1,500.

II. *Background*.

The complaint alleges the following. CAC is a non-profit organization with offices in Harrisburg, Pennsylvania. (Compl. ¶ 1.) Defendant Sniffex is a corporation with its office in Irving, Texas, (*id.*, ¶ 2), and defendant Johnson is the president and CEO of Sniffex. (*Id.*, ¶ 3.) The notice of removal supplies the information that Sniffex's headquarters is in Irving, Texas (Notice of Removal, ¶ 4) and that Johnson is a citizen of Texas. (*Id.*, ¶ 5.)

The complaint alleges that the defendants caused a fax to be sent to CAC's fax machine on or about October 16, 2005, that advertised their travel packages.[1] CAC had not consented to receive the fax, which lacked complete information at its top or bottom to identify the sender, as required by law. (Compl. ¶¶ 9-13).

---

[1] Travel packages are mentioned in ¶ 11, but perhaps Defendants were advertising medical-benefit plans. *See* Compl. ¶ 20.

In count I, Plaintiff makes a TCPA claim for a violation of 47 U.S.C. § 227(b)(1)(C), which makes it illegal to send unsolicited faxes. Under section 227(b)(3)(B), this count seeks statutory damages of $500 for each unsolicited fax sent. In count II, Plaintiff alleges the violations of the TCPA were willful and knowing and seeks statutory damages for such a violation of the TCPA under section 227(b)(3) of three times the $500 statutory damages for a total of $1,500 for each violation. In count III, Plaintiff makes a state-law claim for conversion of its electricity, ink, paper and other resources for the unsolicited faxes and seeks damages in the amount of three dollars for each violation. In count IV, Plaintiff makes a state-law claim for trespass to chattels for preventing Plaintiff from using its telephone lines and fax machine while the unsolicited faxes were being transmitted and for using Plaintiff's electrical power, paper and ink. It seeks three dollars in damages for each violation. In count V, Plaintiff seeks to impose liability on Johnson individually by piercing the corporate veil.

The complaint makes certain class-action allegations. In pertinent part, Plaintiff identifies the class as "all persons who received the same or similar fax as Plaintiff without providing to the Defendants specific authorization to send the same." (Compl. ¶ 54.) Plaintiff alleges that:

> [T]he Defendants or their agents have sent
> unsolicited facsimile advertisements to many
> persons in addition to the named Plaintiff. .
> . . the number of persons affected by the

>       Defendants' violation is large, possibly in
>       the tens of thousands . . . .

(*Id.*, ¶ 52.)  In the ad damnum clause of the complaint, Plaintiff requests that each member of the class receive $1,500 in damages under the TCPA for each fax sent and three dollars in damages for the state-law claims.

III. *Discussion*.

    A. *Federal-Question Jurisdiction Under*
       *28 U.S.C. § 1331.*

Plaintiff argues we lack federal-question jurisdiction to entertain the TCPA claims, citing among other cases, *ErieNet, Inc. v. Velocity Net, Inc.*, 156 F.3d 513 (3d Cir. 1998)(collecting cases).  In *ErieNet*, the Third Circuit decided that 47 U.S.C. § 227(b)(3) conferred exclusive jurisdiction on state courts to entertain private actions for violations of the TCPA and that a federal district court lacks federal-question jurisdiction in such cases.[2]

In opposing remand, Defendants argue that they have a good-faith basis for modification of existing law in Judge (now Justice) Alito's dissent in *ErieNet* which opined that federal-question jurisdiction does exist for private TCPA claims.

---

[2] Section 227(b)(3) authorizes a person or entity "if otherwise permitted by the laws or rules of court of a State," to sue for a violation of the TCPA "in an appropriate court of that State" for statutory damages and an injunction against further violations.

A dissent, of course, is not the law. The majority opinion in *ErieNet* controls here, and there is no federal-question jurisdiction over Plaintiff's TCPA claims.

    B.   *Diversity Jurisdiction Under 28 U.S.C. § 1332(a).*

In part, diversity jurisdiction under section 1332(a) requires that the "matter in controversy" exceed $75,000.[3] Plaintiff asserts that the amount in controversy requirement has not been met because claims cannot be aggregated for section 1332(a) diversity jurisdiction, *see Meritcare Inc. v. St. Paul Mercury Ins. Co.*, 166 F.3d 214, 218 (3d Cir. 1999), *overruled on other grounds by Exxon Mobil Corp. V. Allapattah Services, Inc.*, ___ U.S. ___, 125 S.Ct. 2611, 162 L.Ed.2d 502 (2005), and CAC seeks for itself and other class members only about $1,500 each.

In opposition, Defendants argue that the amount in controversy really involves hundreds of thousands of dollars, if not millions of dollars, because Plaintiff is seeking certification of this case as a class action.[4] Second, the amount of attorney's fees spent in defending this action will alone

---

[3] Diversity jurisdiction is an independent basis for jurisdiction even if state-court jurisdiction is exclusive as against federal-question jurisdiction. *See Gottlieb v. Carnival Corp.*, 436 F.3d 335, 339 (2d Cir. 2006); *Kopff v. World Research Group, LLC*, 298 F. Supp. 2d 50, 55 (D.D.C. 2003).

[4] We must note here that even though Defendants recognize this case is a purported class action, they have not invoked jurisdiction under the Class Action Fairness Act of 2005 (CAFA). 28 U.S.C. § 1332(d).

exceed the jurisdictional amount.  Third, the nonaggregation rule does not apply when several plaintiffs "sue jointly to enforce a common title or right in which they have a common and undivided interest," *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1050 n.14 (3d Cir. 1993), and this purported class action meets this standard, especially since it seeks to abate a "continuing nuisance" of unsolicited faxes.  *Id.* ("aggregation has been allowed when plaintiffs join to abate a continuing nuisance").

None of Defendants' arguments has merit.  Under section 1332(a) diversity jurisdiction claims are not aggregated, *see Meritcare, supra*, 166 F.3d at 218, as opposed to section 1332(d) class-action diversity jurisdiction.  *See* 28 U.S.C. § 1332(d)(6).  Thus, it is irrelevant that this is a class action.  Second, the legal cost of *defending* an action is not part of the amount in controversy.  Third, class members have no common and undivided interest here.  They have separate claims for damages that might have arisen from the same cause, the alleged transmission of unsolicited faxes, but are not of an undivided interest.  *See Meritcare, supra*, 166 F.3d at 218.  Plaintiff has also not set forth a nuisance claim here.

For removal to have been proper under section 1332(a) at least one named plaintiff must have met the threshold amount. *Exxon Mobil Corp. V. Allapattah Services, Inc.*, ___ U.S. ___, ___, 125 S.Ct. 2611, 2616, 162 L.Ed.2d 502, 515 (2005).  Here, the only named plaintiff is CAC, and its damages are at most $1,503 for the

fax it received, well below the $75,000 threshold.  Diversity jurisdiction under section 1332(a) is therefore lacking.

    C.   *Plaintiff's Request For Attorney's Fees Under 28 U.S.C. § 1447(c).*

Under 28 U.S.C. § 1447(c), Plaintiff has moved for the attorney's fees and costs it incurred in moving to remand.  In pertinent part, section 1447(c) provides:

> An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.  A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court.  The State court may thereupon proceed with such case.

In interpreting this section, the Supreme Court has stated that:

> [T]he standard for awarding fees should turn on the reasonableness of the removal.  Absent unusual circumstances, courts may award attorney's fees under 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied. *See, e.g., Hornbuckle*, 385 F.3d, at 541; *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (C.A.5 2000).  In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case.

*Martin v. Franklin Capital Corp.*, ___ U.S. ___, ___, 126 S.Ct. 704, 711, 163 L.Ed.2d 547, 555 (2005).

Based on its arguments for remand, Plaintiff contends there was no objectively reasonable basis for Defendants' seeking removal, and hence it is entitled to its attorney's fees and costs.  In opposition, Defendants argue that they had "legitimate

7

grounds" for believing this case should have been in federal court: (1) the case involved the TCPA, a federal statute, so federal-question jurisdiction existed; (2) there was complete diversity of citizenship so there was diversity jurisdiction under section 1332(a); (3) Defendants have a good-faith belief the case belongs in federal court; and (4) Plaintiff's lawyer is simply trying to profit from the TCPA claims in the hope that Defendants will give in and settle so the case will go away, but "[t]hat is wrong" so "Defendants seek to have their arguments heard in federal court." (Doc. 13, Dfts.' Opp. Br. at p. 9).

None of Defendants' opposition arguments has merit. The first argument ignores *ErieNet, supra*, 156 F.3d 513, which is directly on point and ruled that there is no federal-question jurisdiction for private TCPA claims. The second argument ignores the fact that Plaintiff's claims do not meet the $75,000 amount-in-controversy requirement for section 1332(a). The third argument, subjective good faith, has no bearing on the propriety of attorney's fees and costs when the standard is whether there was an objectively reasonable basis for the removal. The fourth argument, the alleged motive Plaintiff's lawyers had for filing suit, is not a basis for federal jurisdiction.

We agree with Plaintiff there was no objectively reasonable basis for the removal. Defendants asserted two bases of jurisdiction, federal-question under section 1331 and diversity

under section 1332(a).[5]  But federal-question jurisdiction was clearly foreclosed by *ErieNet, supra*, and section 1332(a) diversity jurisdiction was clearly foreclosed by case law showing that Plaintiff had not met the $75,000 threshold.

We will therefore grant Plaintiff's request for attorney's fees and costs involved in obtaining remand of this case.  Plaintiff will be granted fourteen days from the date of this order to file an affidavit specifying the amount of fees and costs it seeks and how they were calculated, and Defendants will be given an opportunity to respond.

IV.   *Conclusion*.

We will issue an order remanding this case to the state court.  Defendants had requested oral argument on the remand motion, but we see no reason to hold oral argument and that request is denied.  Although we remand the case, we retain jurisdiction to resolve the request for attorney's fees and costs. *See Patterson v. Exxon Mobil Corp.*, 262 F. Supp. 2d 453, 467 (D. N.J. 2003).

We will issue an appropriate order.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: July 28, 2006

---

[5] As noted, Defendants did not advance CAFA, 28 U.S.C. § 1332(d), as a basis for jurisdiction.

9

```
             IN THE UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

CLEAN AIR COUNCIL and all            :
similarly situated individuals,
     Plaintiffs                  :

     vs.                         :     CIVIL NO. 1:CV-06-0885

SNIFFEX, INC.,                       :
PAUL JOHNSON,
     Defendants                  :


*O R D E R*

     AND NOW, this 28th day of July, 2006, it is ordered that:

    1. Plaintiff's motion (doc. 8) to remand is granted for lack of subject-matter jurisdiction, and the Clerk of Court shall remand this case to the Court of Common Pleas of Dauphin County, Pennsylvania.

    2. Plaintiff's motion (doc. 8) for attorney's fees and costs is granted, and pursuant to 28 U.S.C. § 1447(c) Plaintiff shall recover from Defendants just costs and any actual expenses, including attorney's fees, incurred as a result of the removal.

    3. Plaintiff shall have fourteen days from the date of this order to file an affidavit specifying the amount of fees and costs it seeks and how they were calculated, including a breakdown and description of the attorney hours.

    4. Defendant shall have fourteen days from their receipt of the affidavit to file a brief in opposition.

                               /s/William W. Caldwell
                               William W. Caldwell
                               United States District Judge